ORIGINAL

HJK.3989

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 APR 15  AM 9: 40

DEPUTY CLERK ___RR___

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

DON JENNINGS D/B/A NETWORK
COMPUTING TECHNOLOGIES,

   Plaintiff,

v.

VIYU NETWORK SOLUTIONS D/B/A
ARW SYSTEMS, LLC, AARON
KRZYCKI, AND BRETT
HARDAWAY,

   Defendants,

§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. _____

' ██11CV-775-█

#48524

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATED DISTRICT COURT FOR THE DALLAS
DIVISION OF THE NORTHERN DISTRICT OF TEXAS:

    PLEASE TAKE NOTICE that Defendants ARW Systems, LLC d/b/a Viyu Network

Solutions, Aaron Krzycki, and Brett Hardaway (hereinafter collectively "Defendants") hereby

remove the state court action described below to this Court pursuant to the provisions of 28 U.S.C.

§1441(b) and (c), and respectfully state as follows:

    1.    This action was originally commenced on January 4, 2011, when Plaintiff filed his

Original Petition in the 160th Judicial District Court of Dallas County, Texas, Cause No. DC-11-

00019.

    2.    On or about April 4, 2011 Plaintiff filed his First Amended Petition in Cause No. DC-

11-00019.  In his Amended Petition, Plaintiff asserted a new cause of action against Defendants:  for

alleged "computer fraud and abuse" in violation of the Computer Fraud and Abuse Act set forth in

18 U.S.C. §1030(e).

3.      Plaintiffs' counsel received a copy of Plaintiffs' Amended Petition by facsimile transmittal on April 4, 2011.  This Notice is being filed in a timely manner pursuant to 28 U.S.C. 1446(b).

4.      In compliance with 28 U.S.C. §1446(a), a true and correct copy of the pleadings filed in the underlying state action are attached hereto as Exhibit "A" and are incorporated herein by reference.  No further proceedings have taken place in the state court.

5.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) and (c) in that it concerns a federal question.

6.      For the Court's convenience, a copy of the state court Register of Action and a List of Parties and Attorneys is attached to this Notice at Exhibits "B" and "C".

7.      Contemporaneously with the filing of this Notice of Removal, Defendants are serving written notice of the filing of this Removal upon Plaintiff, by and through his attorney of record. Additionally, Defendants are filing a true and correct copy of this Notice with the Clerk of 160th Judicial District Court of Dallas County, Texas, where this action was originally filed.

WHEREFORE, PREMISES CONSIDERED, Defendants/ ARW Systems, LLC d/b/a Viyu Network Solutions, Aaron Krzyski and Brett Hardaway give notice of removal of this cause from the 160th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully pray that this Honorable Court assume jurisdiction over this cause to the same extent and degree as if this matter had been noriginally filed with this Court.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

**HOWARD J. KLATSKY**
**State Bar No. 00786024**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 15 day of April, 2011.

**HOWARD J. KLATSKY**

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* DV-11-19     **COURT** *(FOR CLERK USE ONLY):* 160th-H

**STYLED** Don Jennings d/b/a Network Computing Technologies v. Viyu, et. al

*(e.g., John Smith v. All American Insurance Co.; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| **Name:** Jeff Wells    **Email:** jeff@acwlawfirm.com | **Plaintiff(s)/Petitioner(s):** Don Jennings d/b/a Network Computing Technologies | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 12160 Abrams, Suite 514    **Telephone:** 214-382-3777 | | |
| **City/State/Zip:** Dallas, TX 75243    **Fax:** 214-382-3774 | **Defendant(s)/Respondent(s):** Viyu Network Solutions d/b/a ARW Systems, LLC, Aaron Krzycki and Brett Hardaway | Additional Parties in Child Support Case:<br>**Custodial Parent:**<br>**Non-Custodial Parent:**<br>**Presumed Father:** |
| **Signature:** [signature]    **State Bar No.:** 24056511 | *[Attach additional page as necessary to list all parties]* | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☒ Debt/Contract<br>☒ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order | |
| | | | **Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | **Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☒ Tortious Interference<br>☐ Other | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☒ Temporary Restraining Order/Injunction<br>☐ Turnover |



JAN 06 2011

3 cut Not 5th Atty

Cause Number DV 11-19-

| | | |
|---|---|---|
| DON JENNINGS | § | IN THE DISTRICT COURT OF |
| D/B/A NETWORK COMPUTING | § | |
| TECHNOLOGIES | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| VIYU NETWORK SOLUTIONS | § | |
| D/B/A ARW SYSTEMS, LLC, | § | |
| AARON KRZYCKI AND | § | 160th H |
| BRETT HARDAWAY | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION AND AFFIDAVIT FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Don Jennings d/b/a Network Computing Technologies, Plaintiff herein, and files this Original Petition and Application and Affidavit for Temporary Restraining Order and Temporary Injunction against Viyu Network Solutions d/b/a ARW Systems, LLC, Aaron Krzycki and Brett Hardaway, Defendants herein, and in support thereof, would show the Honorable Court the following:

### NATURE OF THIS ACTION

1.     Viyu Network Solutions is a direct competitor or Network Computing Technologies. The individual Defendants are former employees of the Plaintiff, who are bound by an Employment Contract with the Plaintiff, and who are now employed by Viyu Network Solutions. A short time after terminating employment with the Plaintiff, Defendant Krzycki began soliciting an employee of the Plaintiff, Defendant Hardaway, to work with and for him at Viyu Network Solutions, a violation of his Employment Contract. Subsequent to Defendant Hardaway's employment with Viyu Network Solutions, he and Defendant Krzyick attempted to solicit Plaintiff's employee Paul Indrarawis. On or about November 20, 2010, Defendant Hardaway broke into, accessed, and downloaded confidential

1

business information, programs, and trade secrets from the Plaintiff. Viyu Network Solutions currently uses the misappropriated Plaintiff's confidential business information, programs, and trade secrets to Viyu Network Solutions benefit. As a result of the Defendants' wrongful acts, the Plaintiff has suffered the loss of its trade secrets and confidential business information and programs, which it has accumulated over the years as a successful business in the network technologies industry, and will probably sustain damages in the form of lost profits, lost business prospects, lost employees, and loss of business goodwill.

## DISCOVERY CONTROL PLAN

2.      Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

## PARTIES AND SERVICE

3.      Plaintiff, Don Jennings d/b/a Network Computing Technologies, is a sole proprietorship with its principal place of business in Richardson, Dallas County, Texas.

4.      Defendant, Aaron Krzycki ("Defendant Krzycki"), an individual, may be served with process at his usual place of business, 1263 N. Plano Rd., Richardson, Texas 75081-2424.

5.      Defendant, Brett Hardaway ("Defendant Hardaway"), an individual, may be served with process at his usual place of business, 1263 N. Plano Rd., Richardson, Texas 75081-2424.

6.      Defendant, Viyu Network Solutions d/b/a ARW Systems, LLC ("Defendant Viyu"), is a Texas limited liability company whose registered office is 1263 N. Plano Rd., Richardson, Texas 75081-2424, Dallas, County, Texas may be served with process by serving its registered agent, Gavin T. Adams, at 1701 Greenville Avenue, No. 205, Richardson, Texas, 75081, Dallas, County, Texas.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the parties and over this suit because the amount in controversy is within the jurisdictional limits of this Court.

2

8.      Venue for this matter is proper in Dallas County, Texas pursuant to sections 15.002 and/or 15.035 of the Texas Civil Practice and Remedies Code.   Specifically, because the underlying contract was negotiated, reviewed, discussed, and executed in Dallas County, Texas

### FACTS

9.      On or about October 2, 2008, Defendants Krzycki and Hardaway both entered into an employment contract with Network Computing Technologies.   *Please see employment contracts attached as Exhibits "A" and "B."*   This employment contract contains several restrictive covenants. Paragraph 7 of the contract prohibits the employee for a period of eighteen (18) months immediately following the termination of the employee's relationship with Networking Computing Technologies from hiring, soliciting, inducing, recruiting, or encouraging any of Network Computing Technologies' employees to leave their employment with Network Computing Technologies. *Please see paragraph 7 of the contracts attached as Exhibits "A" and "B."*   Paragraph 8 of the contract prohibits the employee for a period of eighteen (18) months immediately following the termination of the employee's relationship with Networking Computing Technologies from interfering with Network Computing Technologies' contracts and relationships with customers. *Please see paragraph 8 of the contracts attached as Exhibits "A" and "B."*

10.      On or about September 8, 2010, Defendant Krzycki ended his employment with Plaintiff.  On or about October 6, 2010, Defendant Krzycki solicited Defendant Hardaway to leave his employment with Plaintiff and become employed by Defendant Viyu.  Once employed with Defendant Viyu, Defendant Krzycki became Defendant Hardaway's direct supervisor.  On or about October 11, 2010, Defendant Hardaway ended his employment with Plaintiff, and he became employed by Defendant Viyu on or about October 25, 2010.

11.      Shortly after Defendant Hardaway began his employment with Defendant Viyu, Defendants Krzycki and Hardaway solicited Paul Indrarawis from Plaintiff.  *(Please see affidavit of Paul Indrarawis attached as Exhibit "C."*   Mr. Indrarawis received text message on his company

3

cell phone asking him to call someone at Viyu Network Solutions. Tony Taylor answered and Tony then handed the phone call off to Defendant Krzycki.   Defendant Krzycki informed Mr. Indrarawis that he had received his contact information from Brett Hardaway. He informed Mr. Indrarawis that they had an opportunity at Viyu Network Solutions asked if he wanted to meet to discuss the opportunity.

12.     Both Defendant Krzycki and Defendant Hardaway have breached their covenants not to solicit employees from Plaintiff.

13.     Defendant Krzycki breached the covenant not to interfere with Plaintiff's contracts and relationships with customers by attempting to solicit Plaintiff's current customer, DFW Construction & Management, Inc.

14.     On or about November 20, 2010, Defendant Hardaway, individually, and in his capacity as an employee of Defendant Viyu, used a former employee of the Plaintiff's login information to break into, access, and download confidential business information, programs, and trade secrets from the Plaintiff.

15.     On or about November 21, 2010, the Plaintiff attempted to access the company's remote network; however he found that the company's remote network passwords had been changed. After this discovery, the Plaintiff discovered that Defendant Hardaway had been the one to access the Plaintiff's remote network through using a redirect me program with a user name of brett.redirectme.net.

16.     The week of November 22, 2010, Plaintiff filed a police report with the Richardson Police Department for the unauthorized entry into his computer system and unauthorized downloads of his business information, programs, and trade secrets.

17.     Around December 10, 2010, Plaintiff through his own research discovered that Defendant Viyu posted on their company website, an access login page that was near identical to Plaintiff's company website access login page. The Plaintiff's website access login page had been

4

designed during the time of employment of Defendant Hardaway and Defendant Krzycki with the Plaintiff.

18.     Around December 10, 2010, the Plaintiff discovered that Defendant Viyu had just recently began using a pamphlet for its customers/prospective customers entitled "Do It Right". This Document had been sent by an agent from Defendant Viyu to the Plaintiff's online computer system. The Plaintiff noticed that this "Do It Right" packet was essentially the same as a packet that his company had been using and continued to use to help recruit, retain, and assist Plaintiff's customers.

## CAUSES OF ACTION

## REQUEST FOR TEMPORARY RESTRAINING ORDER

19.     Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

20.     Plaintiff requests a Temporary Restraining Order that Defendants, their agents, servants, representatives, and all other persons or entities in active concert or participation with the Defendants, who receive actual notice of this Order by personal service or otherwise, be and hereby are enjoined as follows:

(a)     from hiring, soliciting, inducing, recruiting, or encouraging any of Network Computing Technologies' employees to leave their employment with Network Computing Technologies;

(b)     from interfering with Network Computing Technologies' contracts and relationships with customers;

(c)     from using or dispersing the data, proprietary information, and trade secrets that were stolen from Plaintiff by Defendant; and

(d)     The Defendants are ordered to return all data, proprietary information, and trade secrets that were stolen from Plaintiff by Defendants.

21.     It is probable that the Plaintiff will recover from the Defendants after trial on the merits because, as described above, the Defendants have willfully committed a myriad of common

5

law torts. The Defendants' solicitation of Plaintiff's employees and customers is in violation of common law duties respecting trade secrets, confidential information, business information, fiduciary duties, and duties of good faith and fair dealing.

22.    If Plaintiff's application is not granted, harm is imminent because the Defendants are currently attempting to induce other customers and employees of Plaintiff. Furthermore, the Defendants are using Plaintiff's trade secrets and confidential information.

23.    The harm that will result if the Temporary Restraining Order is not issued is irreparable because Plaintiff cannot be compensated for the harm with money damages. No amount of money can fully compensate Plaintiff for the loss of trade secrets and the magnitude of business that will be lost if the Defendants are permitted to use Plaintiff's confidential information. If the Defendants are permitted to continue their actions, Plaintiff will suffer an incalculable loss to its technological advantage and capacity to develop customers and service its existing customers.

24.    Plaintiff has no adequate remedy at law because as described above, no amount of money damages can fully compensate Plaintiff for the loss of business it will incur if the Defendants are allowed to continue their wrongful conduct.

25.    According to Paragraph 10(b) of the employment contract, both parties have agreed that no bond or other security shall be required in obtaining an injunction based on any breach of the covenants set forth in the contract. *Please see paragraph 10(b) of the employment contracts attached as Exhibits "A" and "B."* However, if this Court decides that a bond is required, Plaintiff is willing to post the appropriate bond.

## REQUEST FOR TEMPORARY INJUCTION

26.    Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

27.    Plaintiff requests a Temporary Injunction that Defendants, their agents, servants, representatives, and all other persons or entities in active concert or participation with the Defendants, who receive actual notice of this Order by personal service or otherwise, be and hereby are enjoined

as follows:

        (a)     from hiring, soliciting, inducing, recruiting, or encouraging any of Network Computing Technologies' employees to leave their employment with Network Computing Technologies;

        **(b)**     from interfering with Network Computing Technologies' contracts and relationships with customers;

        (c)     from using or dispersing the data, proprietary information, and trade secrets that were stolen from Plaintiff by Defendant; and

        (d)     The Defendants are ordered to return all data, proprietary information, and trade secrets that were stolen from Plaintiff by Defendants.

28.     It is probable that the Plaintiff will recover from the Defendants after trial on the merits because, as described above, the Defendants have willfully committed a myriad of common law torts. The Defendants' solicitation of Plaintiff's employees and customers is in violation of common law duties respecting trade secrets, confidential information, business information, fiduciary duties, and duties of good faith and fair dealing.

29.     If Plaintiff's application is not granted, harm is imminent because the Defendants are currently attempting to induce other customers and employees of Plaintiff. Furthermore, the Defendants are using Plaintiff's trade secrets and confidential information.

30.     The harm that will result if the Temporary Injunction is not issued is irreparable because Plaintiff cannot be compensated for the harm with money damages. No amount of money can fully compensate Plaintiff for the loss of trade secrets and the magnitude of business that will be lost if the Defendants are permitted to use Plaintiff's confidential information. If the Defendants are permitted to continue their actions, Plaintiff's will suffer an incalculable loss to its technological advantage and capacity to develop customers and service its existing customers.

31.     Plaintiff has no adequate remedy at law because as described above, no amount of

money damages can fully compensate Plaintiff for the loss of business it will incur if the Defendants are allowed to continue their wrongful conduct.

32.     According to Paragraph 10(b) of the employment contract, both parties have agreed that no bond or other security shall be required in obtaining an injunction based on any breach of the covenants set forth in the contract. *Please see paragraph 10(b) of the employment contracts attached as Exhibits "A" and "B."* However, if this court decides that a bond is required, Plaintiff is willing to post the appropriate bond.

## BREACH OF CONTRACT

33.     Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

34.     Defendants Krzycki and Hardaway entered into a valid contract with Plaintiff on or about October 2, 2008. Plaintiff performed according to the terms of the contract. Defendants Krzycki and Hardaway breached the contract by soliciting Plaintiff's employees, interfering with Plaintiff's contracts and relationships with customers, and divulging Plaintiff's trade secrets and confidential information to Defendant Viyu. As a result of Defendant's breach, Plaintiff has sustained damages.

## TORTIOUS INTERFERENCE WITH CONTRACT

35.     Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

36.     As detailed above, the Defendants Hardaway and Krzycki signed an Employment Contract with the Plaintiff. These Employment Contracts constituted binding contracts between the respective parties.

37.     The Defendants violated this contract by willfully and intentionally soliciting employees of the Plaintiff, breaking into, accessing, and downloading confidential business

8

information, programs, and trade secrets from the Plaintiff, using the above information to the benefit of their new employer, Viyu.

38.    The Plaintiff has incurred substantial damages as a direct and proximate cause of the Defendants' Tortious Interference with a Contract.

## TEXAS THEFT LIABILITY ACT

39.    Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

40.    Defendants are liable to Plaintiff under the Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE §§134.001-005.   Plaintiff has a possessory right to his trade secrets and confidential information.   The Defendants unlawfully appropriated, secured, and/or stole Plaintiff's property, confidential information, and trade secrets with the intent to deprive the Plaintiff of its property. Specifically, the Defendants illegally hacked into Plaintiff's internal server and downloaded data from that server.   Defendants then proceeded to disclose this information to Defendant Viyu.   As a result, Plaintiff is entitled to an award of actual, consequential, incidental, and continuing damages proximately caused by the Defendants' theft.

## MISAPPROPRIATION OF TRADE SECRETS

41.    Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

42.    Plaintiff owned several trade secrets and/or proprietary and confidential information that was developed by Plaintiff and stored on Plaintiff's internal servers.   Defendants have wrongfully acquired trade secret and/or proprietary and confidential information belonging to Plaintiff and as further described herein above.   Defendants have misappropriated Plaintiff's trade secrets and/or proprietary and confidential information for their own use or use by others as evidenced by the Defendants' theft and solicitation of Plaintiff's actual customers and potential

9

customers.

43.     Plaintiff has incurred substantial damages as a direct and proximate result of the Defendants' use and disclosure of Plaintiff's trade secrets and/or proprietary and confidential information.   Plaintiff is entitled to and now seeks to recover exemplary damages in an amount in excess of the minimum jurisdictional limits of the Court.

## CONVERSION

44.     Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

45.     As detailed above, Defendant Hardaway wrongfully accessed and used computer files and data belonging to Plaintiff.   These computer files and data were stored on Plaintiff's internal servers, which were hacked into by Defendant Hardaway and the information was downloaded to Defendant Hardaway's computer.

46.     Plaintiff has incurred substantial damages as a direct and proximate result of the Defendants' wrongful control and dominion of Plaintiffs' property.

## BREACH OF FIDUCIARY DUTY

47.     Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

48.     Defendants Krzycki and Hardaway, by virtue of their positions within Plaintiff and access to Plaintiff's trade secrets and confidential information, had a fiduciary relationship with Plaintiff.   Defendants breached their fiduciary duties owed to Plaintiff by using their access to Plaintiff's trade secrets and confidential information for the benefit of Defendant Viyu and to the detriment of Plaintiff.

49.     As a direct and proximate result of Defendants' breach, the Plaintiff has suffered and will continue to suffer loss of the confidentiality of their trade secrets, financial loss, loss of goodwill,

10

and other damages.

## CONSPIRACY

50.     Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

51.     Defendant Viyu conspired with Defendants Krzycki and Hardaway for the unlawful purpose of misappropriating the Plaintiff's trade secrets and confidential information, business disparagement, and conversion of the Plaintiff's property.   Defendants Krzycki and Hardaway also conspired for the purpose of breaching their fiduciary duties, and Defendant Viyu conspired with both of them in their breach of their fiduciary duties.   Defendant Viyu had a meeting of the minds with Defendants Krzycki and Hardaway regarding the course of action that would be taken in order to steal Plaintiff's trade secrets.   Defendant Viyu played an instrumental part in the torts committed by Defendants Krzycki and Hardaway and should be held liable for those torts.

52.     As a result of the conspiracy among all Defendants and the subsequent torts committed by the Defendants, the Plaintiff has suffered and will continue to suffer incalculable financial loss, loss of goodwill, and loss of the confidentiality of their trade secrets, and other damages.

## NEGLIGENT HIRING, SUPERVISION OR RETENTION

53.     Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

54.     Defendant Viyu owed Plaintiff a legal duty to hire, supervise, train, or retain competent employees.   Defendant Viyu breached this duty by negligently hiring, failing to supervise, and/or by negligently retaining Defendant Krzycki and Defendant Hardaway.

55.     As a direct and proximate result of Defendant's breach, the Plaintiff has suffered and will continue to suffer loss of the confidentiality of their trade secrets, financial loss, loss of goodwill,

and other damages.

## RESPONDEAT SUPERIOR

56.     Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

57.     Plaintiff was injured as a result of the above mentioned torts.   The tortfeasors are employees of Defendant Viyu, and the torts were committed while the employees were acting within the scope of employment with Defendant Viyu.

## EXEMPLARY DAMAGES

58.     Plaintiff incorporates all previous paragraphs herein by reference as if fully set forth.

59.     Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.   In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## ATTORNEY'S FEES

60.     As a result of Defendant's refusal to pay the amounts owed, Plaintiff has been forced to retain legal counsel to bring this suit.   Plaintiff is entitled to recover its costs and attorneys' fees incurred in prosecuting this action pursuant to section 38.001, *et seq.* of the Texas Civil Practice and Remedies Code and the Contract, and request is hereby made for same. Plaintiff is also entitled to recover its attorney's fees under the Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE § 134.005(b).

## CONDITIONS PRECEDENT

61.     All conditions precedent have been performed or have occurred.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Don Jennings d/b/a Network Computing Technologies, respectfully requests the following:

    a.    without notice to Defendants, the Court issue a temporary restraining order restraining Defendants and their officers, agents, servants, and employees from directly or indirectly from hiring, soliciting, inducing, recruiting, or encouraging any of Network Computing Technologies' employees to leave their employment with Network Computing Technologies;

    b.    without notice to Defendants, the Court issue a temporary restraining order restraining Defendants and their officers, agents, servants, and employees from directly or indirectly from interfering with Plaintiff's contracts or relationships or prospective contracts and relationships with customers;

    c.    the Court set a date and time for a hearing on this application for a temporary injunction;

    d.    after hearing, the Court issue a temporary injunction enjoining Defendants from directly or indirectly breaching their covenants during the pendency of this action;

    e.    after hearing, the Court issue a temporary injunction enjoining Defendants from using or dispersing the data, proprietary information, or trade secrets stolen from Plaintiff by Defendants;

    f.    after hearing, the Court issue an order requiring Defendants to return to Plaintiff all data, proprietary information, and trade secrets stolen from Plaintiff by Defendants;

    g.    After trial on the merits, the Court permanently enjoin Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly breaching the covenants described above.

    h.    After trial on the merits, the Court permanently enjoin Defendants,

13

Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from using or dispersing the data, proprietary information, or trade secrets stolen from Plaintiff by Defendants;

      i.    Plaintiff be granted reasonable expenses incurred in obtaining the restraining order and injunction;

      j.    After trial on the merits, Plaintiff be granted actual damages from the Defendants in excess of the minimum jurisdictional limits of the court, exemplary damages, attorney's fees, costs of court, prejudgment interest, and post judgment interest; and

      k.    Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

**ALESHIRE, CROSLAND & WELLS, PLLC.**

JEFFERY A. WELLS
State Bar No. 24056511
12160 Abrams, Suite 103
Dallas, Texas 75243
(214) 382-3777
(214) 382-3774 (Fax)

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF COUNSEL

Counsel for the Plaintiff certifies that to notify the opposing party or counsel would impair or annul the court's power to grant relief because the subject matter of the application could be accomplished or property removed, secreted or destroyed, if notice were required.

"Certified to the ___4th___ day of ___January___, 2011, by _____ ."

14

## VERIFICATION

STATE OF TEXAS          §
DALLAS COUNTY           §

Before me, the undersigned notary, on this day personally appeared Don Jennings, a person whose identity is known to me.  After I administered an oath to him, upon his oath he said read the Request for Temporary Restraining Order, Request for Temporary Injunction, and Original Petition and that the facts stated in it are within his personal knowledge and are true and correct.

_____
Don Jennings

Sworn to and subscribed before me by Don Jennings on _December 20____, 2010.

_____
Notary Public in and for the State of Texas

My commission expires: _July 1, 2014_



15

# EXHIBIT "A"

15

# NETWORK COMPUTING TECHNOLOGIES

## Employment, Confidential Information,
## and Invention Assignment Agreement

As a condition of my employment with NETWORK COMPUTING TECHNOLOGIES, its subsidiaries, affiliates, successors or assigns (together the "Company"), and in consideration of my further employment with Network Computing Technologies and my receipt of the compensation now and hereafter paid to me by Company and Network Computing Technologies's agreement in Section 2(a)(i), I agree to the following terms and conditions of this Employment, Confidential Information and Invention Assignment Agreement (the "Agreement"):

1. **At-Will Employment.** I UNDERSTAND AND ACKNOWLEDGE THAT MY EMPLOYMENT WITH NETWORK COMPUTING TECHNOLOGIES IS FOR AN UNSPECIFIED DURATION AND CONSTITUTES "AT-WILL" EMPLOYMENT. I ALSO UNDERSTAND THAT ANY REPRESENTATION TO THE CONTRARY IS UNAUTHORIZED AND NOT VALID UNLESS OBTAINED IN WRITING AND SIGNED BY AN AUTHORIZED REPRESENTATIVE OF NETWORK COMPUTING TECHNOLOGIES. I ACKNOWLEDGE THAT THIS EMPLOYMENT RELATIONSHIP MAY BE TERMINATED AT ANY TIME, WITH OR WITHOUT GOOD CAUSE OR FOR ANY OR NO CAUSE, AT THE OPTION EITHER OF NETWORK COMPUTING TECHNOLOGIES OR MYSELF, WITH OR WITHOUT NOTICE.

2. **Confidential Information.**

(a) **Company Information.**

(i) Network Computing Technologies agrees that upon the commencement of my employment, it will make available to me that Confidential Information of Network Computing Technologies that will enable me to optimize the performance of my duties to Network Computing Technologies. In exchange, I agree to use such Confidential Information solely for Network Computing Technologies's benefit. Notwithstanding the preceding sentence, I agree that upon the termination of my employment in accordance with Section 1, Network Computing Technologies shall have no obligation to provide or otherwise make available to me any of its Confidential Information. I understand that "Confidential Information" means any Company proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, customer lists and customers (including, but not limited to, customers of Network Computing Technologies on whom I called or with whom I became acquainted during the term of my employment), markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information disclosed to me by Network Computing Technologies either directly or indirectly in writing, orally or by drawings or observation of parts or equipment. I further understand that Confidential Information does not include any of the foregoing items which has become publicly known and made generally available through no wrongful act or omission of mine or of others who were under confidentiality obligations as to the item or items involved or improvements or new versions thereof.

Network Computing Technologies

1

(ii)          I agree at all times during the term of my employment and thereafter, to hold in strictest confidence, and not to use, except for the exclusive benefit of Network Computing Technologies, or to disclose to any person, firm or corporation without written authorization of the Board of Directors of Network Computing Technologies, any Confidential Information of Network Computing Technologies.

(b)          **Former Employer Information**.  I agree that I will not, during my employment with Network Computing Technologies, improperly use or disclose any proprietary information or trade secrets of any former or concurrent employer or other person or entity and that I will not bring onto the premises of Network Computing Technologies any unpublished document or proprietary information belonging to any such employer, person or entity unless consented to in writing by such employer, person or entity.

(c)          **Third Party Information**.  I recognize that Network Computing Technologies has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on Network Computing Technologies's part to maintain the confidentiality of such information and to use it only for certain limited purposes.  I agree to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation or to use it except as necessary in carrying out my work for Network Computing Technologies consistent with the Company's agreement with such third party.

3.          **Inventions**.

(a)          **Inventions Retained and Licensed**.  I have attached hereto, as **Exhibit A**, a list describing all inventions, original works of authorship, developments, improvements, and trade secrets which were made by me prior to my employment with Network Computing Technologies (collectively referred to as "**Prior Inventions**"), which belong to me, which relate to Network Computing Technologies's proposed business, products or research and development, and which are not assigned to Network Computing Technologies hereunder; or, if no such list is attached, I represent that there are no such Prior Inventions.  I agree that I will not incorporate, or permit to be incorporated, any Prior Invention owned by me or in which I have an interest into a Company product, process or machine without Network Computing Technologies's prior written consent.  Notwithstanding the foregoing sentence, if, in the course of my employment with Network Computing Technologies, I incorporate into a Company product, process or machine a Prior Invention owned by me or in which I have an interest, Network Computing Technologies is hereby granted and shall have a nonexclusive, royalty-free, irrevocable, perpetual, worldwide license to make, have made, modify, use and sell such Prior Invention as part of or in connection with such product, process or machine.

(b)          **Assignment of Inventions**.  I agree that I will promptly make full written disclosure to Network Computing Technologies, will hold in trust for the sole right and benefit of Network Computing Technologies, and hereby assign to Network Computing Technologies, or its designee, all my right, title, and interest in and to any and all inventions, original works of authorship, developments, concepts, improvements, designs, discoveries, ideas, trademarks or trade secrets, whether or not patentable or registrable under copyright or similar laws, which I may solely or jointly conceive or develop or reduce to practice, or cause to be conceived or developed or reduced to practice, during the period of time I am in the employ of Network Computing Technologies (collectively referred to as

Network Computing Technologies

2

"Inventions"), except as provided in Section 3(f) below. I further acknowledge that all original works of authorship which are made by me (solely or jointly with others) within the scope of and during the period of my employment with Network Computing Technologies and which are protectible by copyright are "works made for hire," as that term is defined in the United States Copyright Act. I understand and agree that the decision whether or not to commercialize or market any Invention developed by me solely or jointly with others is within Network Computing Technologies's sole discretion and for the Company's sole benefit and that no royalty will be due to me as a result of Network Computing Technologies's efforts to commercialize or market any such Invention.

(c)        <u>Inventions Assigned to the United States</u>.  I agree to assign to the United States government all my right, title, and interest in and to any and all Inventions whenever such full title is required to be in the United States by a contract between Network Computing Technologies and the United States or any of its agencies.

(d)        <u>Maintenance of Records</u>.  I agree to keep and maintain adequate and current written records of all Inventions made by me (solely or jointly with others) during the term of my employment with Network Computing Technologies. The records will be in the form of notes, sketches, drawings, and any other format that may be specified by Network Computing Technologies.  The records will be available to and remain the sole property of Network Computing Technologies at all times.

(e)        <u>Patent and Copyright Registrations</u>.  I agree to assist Network Computing Technologies, or its designee, at Network Computing Technologies's expense, in every proper way to secure Network Computing Technologies's rights in the Inventions and any copyrights, patents, mask work rights or other intellectual property rights relating thereto in any and all countries, including, but not limited to, the disclosure to Network Computing Technologies of all pertinent information and data with respect thereto, the execution of all applications, specifications, oaths, assignments and all other instruments which Network Computing Technologies shall deem necessary in order to apply for and obtain such rights and in order to assign and convey to Network Computing Technologies, its successors, assigns, and nominees the sole and exclusive rights, title and interest in and to such Inventions, and any copyrights, patents, mask work rights or other intellectual property rights relating thereto.  I further agree that my obligation to execute or cause to be executed, when it is in my power to do so, any such instrument or papers shall continue after the termination of this Agreement. If Network Computing Technologies is unable because of my mental or physical incapacity or for any other reason to secure my signature to apply for or to pursue any application for any United States or foreign patents or copyright registrations covering Inventions or original works of authorship assigned to Network Computing Technologies as above, then I hereby irrevocably designate and appoint Network Computing Technologies and its duly authorized officers and agents as my agent and attorney in fact, to act for and in my behalf and stead to execute and file any such applications and to do all other lawfully permitted acts to further the prosecution and issuance of letters patent or copyright registrations thereon with the same legal force and effect as if executed by me.

(f)        <u>Exception to Assignments</u>.  I understand that the provisions of this Agreement requiring assignment of Inventions to Network Computing Technologies shall not apply to any invention that I have developed entirely on my own time without using Network Computing Technologies's equipment, supplies, facilities, trade secret information or

Confidential Information except for those inventions that either (i) relate at the time of conception or reduction to practice of the invention to Network Computing Technologies's business, or actual or demonstrably anticipated research or development of Network Computing Technologies or (ii) result from any work that I performed for Network Computing Technologies. I will advise Network Computing Technologies promptly in writing of any inventions that I believe meet the foregoing criteria and not otherwise disclosed on <u>Exhibit A</u>.

4.        <u>Conflicting Employment</u>. I agree that, during the term of my employment with Network Computing Technologies, I will devote my full time and efforts to Network Computing Technologies and I will not engage in any other employment, occupation or consulting activity, nor will I engage in any other activities that conflict with my obligations to Network Computing Technologies.

5.        <u>Returning Company Documents, etc</u>. I agree that, at the time of leaving the employ of Network Computing Technologies, I will deliver to Network Computing Technologies (and will not keep in my possession, recreate or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items developed by me pursuant to my employment with Network Computing Technologies or otherwise belonging to Network Computing Technologies, its successors or assigns, including, but not limited to, those records maintained pursuant to paragraph 3(d). In the event of the termination of my employment, I agree to sign and deliver the "Termination Certification" attached hereto as <u>Exhibit B</u>.

6.        <u>Notification of New Employer</u>. In the event that I leave the employ of Network Computing Technologies, I hereby grant consent to notification by Network Computing Technologies to my new employer about my rights and obligations under this Agreement.

7.        <u>Solicitation of Employees</u>. I agree that for a period of eighteen (18) months immediately following the termination of my relationship with Network Computing Technologies for any reason, whether with or without good cause or for any or no cause, at the option either of Network Computing Technologies or myself, with or without notice, I will not hire any employees of Network Computing Technologies and I will not, either directly or indirectly, solicit, induce, recruit or encourage any of Network Computing Technologies's employees to leave their employment, or take away such employees, or attempt to solicit, induce, recruit, encourage or take away employees of Network Computing Technologies, either for myself or for any other person or entity.

8.        <u>Interference</u>. I agree that during the course of my employment and for a period of eighteen (18) months immediately following the termination of my relationship with Network Computing Technologies for any reason, whether with or without good cause or for any or no cause, at the option either of Network Computing Technologies or myself, with or without notice, I will not, either directly or indirectly, interfere with Network Computing Technologies's contracts and relationships, or prospective contracts and relationships, including, but not limited to, Network Computing Technologies's customer or client contracts and relationships.

9.     <u>Representations</u>.  I agree to execute any proper oath or verify any proper document required to carry out the terms of this Agreement.  I represent that my performance of all the terms of this Agreement will not breach any agreement to keep in confidence proprietary information acquired by me in confidence or in trust prior to my employment by Network Computing Technologies.  I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict herewith.

10.     <u>Arbitration and Equitable Relief</u>.

(a)     <u>Arbitration</u>.  Except as provided in subsection (b) below, I agree that any dispute, claim or controversy concerning my employment or the termination of my employment or any dispute, claim or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in _____ [City] , Texas in accordance with the rules then in effect of the American Arbitration Association.  The arbitrator may grant injunctions or other relief in such dispute or controversy.  The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration.  Judgment may be entered on the arbitrator's decision in any court having jurisdiction.  Network Computing Technologies and I shall each pay one-half of the costs and expenses of such arbitration, and each of us shall separately pay our counsel fees and expenses.

(b)     <u>Equitable Remedies</u>.  I agree that it would be impossible or inadequate to measure and calculate Network Computing Technologies's damages from any breach of the covenants set forth in Sections 2, 3, 5, and 7 herein.  Accordingly, I agree that if I breach any of such Sections, Network Computing Technologies will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of this Agreement.  I further agree that no bond or other security shall be required in obtaining such equitable relief and I hereby consent to the issuance of such injunction and to the ordering of specific performance.

11.     <u>General Provisions</u>.

(a)     <u>Governing Law; Consent to Personal Jurisdiction</u>.  THIS AGREEMENT WILL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS WITHOUT REGARD FOR CONFLICTS OF LAWS PRINCIPLES.  I HEREBY EXPRESSLY CONSENT TO THE PERSONAL JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF TEXAS FOR ANY LAWSUIT FILED THERE AGAINST ME BY NETWORK COMPUTING TECHNOLOGIES CONCERNING MY EMPLOYMENT OR THE TERMINATION OF MY EMPLOYMENT OR ARISING FROM OR RELATING TO THIS AGREEMENT.

(b)     <u>Entire Agreement</u>.  This Agreement sets forth the entire agreement and understanding between Network Computing Technologies and me relating to the subject matter herein and supersedes all prior discussions between us.  No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing signed by the party to be charged.  Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.

(c)      <u>Successors and Assigns</u>.  This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of Network Computing Technologies, its successors, and its assigns.

(d)      <u>Construction</u>.  The language used in this Agreement will be deemed the language chosen by the parties to express their mutual intent, and no rules of strict construction will be applied against either party.

(e)      <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be enforceable, and all of which together shall constitute one agreement.

12.      I acknowledge and agree to each of the following items:

(a)      I am executing this Agreement voluntarily and without any duress or undue influence by Network Computing Technologies or anyone else; and

(b)      I have carefully read this Agreement.  I have asked any questions needed for me to understand the terms, consequences and binding effect of this Agreement and fully understand them; and

(c)      I sought the advice of an attorney of my choice if I wanted to before signing this Agreement.

I _Aaron Krzycki_ (Employee's name) have read and understood the Employment, Confidential Information, and Invention Assignment Agreement for Network Computing Technologies.

_____
Employee Signature

_10- 2 · 08_
Date

# EXHIBIT "B"

# NETWORK COMPUTING TECHNOLOGIES

## Employment, Confidential Information, and Invention Assignment Agreement

As a condition of my employment with NETWORK COMPUTING TECHNOLOGIES, its subsidiaries, affiliates, successors or assigns (together the "Company"), and in consideration of my further employment with Network Computing Technologies and my receipt of the compensation now and hereafter paid to me by Company and Network Computing Technologies's agreement in Section 2(a)(i), I agree to the following terms and conditions of this Employment, Confidential Information and Invention Assignment Agreement (the "Agreement"):

1.       At-Will Employment. I UNDERSTAND AND ACKNOWLEDGE THAT MY EMPLOYMENT WITH NETWORK COMPUTING TECHNOLOGIES IS FOR AN UNSPECIFIED DURATION AND CONSTITUTES "AT-WILL" EMPLOYMENT. I ALSO UNDERSTAND THAT ANY REPRESENTATION TO THE CONTRARY IS UNAUTHORIZED AND NOT VALID UNLESS OBTAINED IN WRITING AND SIGNED BY AN AUTHORIZED REPRESENTATIVE OF NETWORK COMPUTING TECHNOLOGIES. I ACKNOWLEDGE THAT THIS EMPLOYMENT RELATIONSHIP MAY BE TERMINATED AT ANY TIME, WITH OR WITHOUT GOOD CAUSE OR FOR ANY OR NO CAUSE, AT THE OPTION EITHER OF NETWORK COMPUTING TECHNOLOGIES OR MYSELF, WITH OR WITHOUT NOTICE.

2.       Confidential Information.

(a)       Company Information.

(i)       Network Computing Technologies agrees that upon the commencement of my employment, it will make available to me that Confidential Information of Network Computing Technologies that will enable me to optimize the performance of my duties to Network Computing Technologies. In exchange, I agree to use such Confidential Information solely for Network Computing Technologies's benefit. Notwithstanding the preceding sentence, I agree that upon the termination of my employment in accordance with Section 1, Network Computing Technologies shall have no obligation to provide or otherwise make available to me any of its Confidential Information. I understand that "Confidential Information" means any Company proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, customer lists and customers (including, but not limited to, customers of Network Computing Technologies on whom I called or with whom I became acquainted during the term of my employment), markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information disclosed to me by Network Computing Technologies either directly or indirectly in writing, orally or by drawings or observation of parts or equipment. I further understand that Confidential Information does not include any of the foregoing items which has become publicly known and made generally available through no wrongful act or omission of mine or of others who were under confidentiality obligations as to the item or items involved or improvements or new versions thereof.

Network Computing Technologies

1

(ii)         I agree at all times during the term of my employment and thereafter, to hold in strictest confidence, and not to use, except for the exclusive benefit of Network Computing Technologies, or to disclose to any person, firm or corporation without written authorization of the Board of Directors of Network Computing Technologies, any Confidential Information of Network Computing Technologies.

(b)        <u>Former Employer Information</u>.  I agree that I will not, during my employment with Network Computing Technologies, improperly use or disclose any proprietary information or trade secrets of any former or concurrent employer or other person or entity and that I will not bring onto the premises of Network Computing Technologies any unpublished document or proprietary information belonging to any such employer, person or entity unless consented to in writing by such employer, person or entity.

(c)        <u>Third Party Information</u>.  I recognize that Network Computing Technologies has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on Network Computing Technologies's part to maintain the confidentiality of such information and to use it only for certain limited purposes.  I agree to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation or to use it except as necessary in carrying out my work for Network Computing Technologies consistent with the Company's agreement with such third party.

3.         <u>Inventions</u>.

(a)        <u>Inventions Retained and Licensed</u>.  I have attached hereto, as <u>Exhibit A</u>, a list describing all inventions, original works of authorship, developments, improvements, and trade secrets which were made by me prior to my employment with Network Computing Technologies (collectively referred to as "<u>Prior Inventions</u>"), which belong to me, which relate to Network Computing Technologies's proposed business, products or research and development, and which are not assigned to Network Computing Technologies hereunder; or, if no such list is attached, I represent that there are no such Prior Inventions.  I agree that I will not incorporate, or permit to be incorporated, any Prior Invention owned by me or in which I have an interest into a Company product, process or machine without Network Computing Technologies's prior written consent.  Notwithstanding the foregoing sentence, if, in the course of my employment with Network Computing Technologies, I incorporate into a Company product, process or machine a Prior Invention owned by me or in which I have an interest, Network Computing Technologies is hereby granted and shall have a nonexclusive, royalty-free, irrevocable, perpetual, worldwide license to make, have made, modify, use and sell such Prior Invention as part of or in connection with such product, process or machine.

(b)        <u>Assignment of Inventions</u>.  I agree that I will promptly make full written disclosure to Network Computing Technologies, will hold in trust for the sole right and benefit of Network Computing Technologies, and hereby assign to Network Computing Technologies, or its designee, all my right, title, and interest in and to any and all inventions, original works of authorship, developments, concepts, improvements, designs, discoveries, ideas, trademarks or trade secrets, whether or not patentable or registrable under copyright or similar laws, which I may solely or jointly conceive or develop or reduce to practice, or cause to be conceived or developed or reduced to practice, during the period of time I am in the employ of Network Computing Technologies (collectively referred to as

Network Computing Technologies

2

"Inventions"), except as provided in Section 3(f) below. I further acknowledge that all original works of authorship which are made by me (solely or jointly with others) within the scope of and during the period of my employment with Network Computing Technologies and which are protectible by copyright are "works made for hire," as that term is defined in the United States Copyright Act. I understand and agree that the decision whether or not to commercialize or market any Invention developed by me solely or jointly with others is within Network Computing Technologies's sole discretion and for the Company's sole benefit and that no royalty will be due to me as a result of Network Computing Technologies's efforts to commercialize or market any such Invention.

(c)     Inventions Assigned to the United States. I agree to assign to the United States government all my right, title, and interest in and to any and all Inventions whenever such full title is required to be in the United States by a contract between Network Computing Technologies and the United States or any of its agencies.

(d)     Maintenance of Records. I agree to keep and maintain adequate and current written records of all Inventions made by me (solely or jointly with others) during the term of my employment with Network Computing Technologies. The records will be in the form of notes, sketches, drawings, and any other format that may be specified by Network Computing Technologies. The records will be available to and remain the sole property of Network Computing Technologies at all times.

(e)     Patent and Copyright Registrations. I agree to assist Network Computing Technologies, or its designee, at Network Computing Technologies's expense, in every proper way to secure Network Computing Technologies's rights in the Inventions and any copyrights, patents, mask work rights or other intellectual property rights relating thereto in any and all countries, including, but not limited to, the disclosure to Network Computing Technologies of all pertinent information and data with respect thereto, the execution of all applications, specifications, oaths, assignments and all other instruments which Network Computing Technologies shall deem necessary in order to apply for and obtain such rights and in order to assign and convey to Network Computing Technologies, its successors, assigns, and nominees the sole and exclusive rights, title and interest in and to such Inventions, and any copyrights, patents, mask work rights or other intellectual property rights relating thereto. I further agree that my obligation to execute or cause to be executed, when it is in my power to do so, any such instrument or papers shall continue after the termination of this Agreement. If Network Computing Technologies is unable because of my mental or physical incapacity or for any other reason to secure my signature to apply for or to pursue any application for any United States or foreign patents or copyright registrations covering Inventions or original works of authorship assigned to Network Computing Technologies as above, then I hereby irrevocably designate and appoint Network Computing Technologies and its duly authorized officers and agents as my agent and attorney in fact, to act for and in my behalf and stead to execute and file any such applications and to do all other lawfully permitted acts to further the prosecution and issuance of letters patent or copyright registrations thereon with the same legal force and effect as if executed by me.

(f)     Exception to Assignments. I understand that the provisions of this Agreement requiring assignment of Inventions to Network Computing Technologies shall not apply to any invention that I have developed entirely on my own time without using Network Computing Technologies's equipment, supplies, facilities, trade secret information or

Confidential Information except for those inventions that either (i) relate at the time of conception or reduction to practice of the invention to Network Computing Technologies's business, or actual or demonstrably anticipated research or development of Network Computing Technologies or (ii) result from any work that I performed for Network Computing Technologies. I will advise Network Computing Technologies promptly in writing of any inventions that I believe meet the foregoing criteria and not otherwise disclosed on <u>Exhibit A</u>.

4.    <u>Conflicting Employment</u>. I agree that, during the term of my employment with Network Computing Technologies, I will devote my full time and efforts to Network Computing Technologies and I will not engage in any other employment, occupation or consulting activity, nor will I engage in any other activities that conflict with my obligations to Network Computing Technologies.

5.    <u>Returning Company Documents, etc</u>. I agree that, at the time of leaving the employ of Network Computing Technologies, I will deliver to Network Computing Technologies (and will not keep in my possession, recreate or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items developed by me pursuant to my employment with Network Computing Technologies or otherwise belonging to Network Computing Technologies, its successors or assigns, including, but not limited to, those records maintained pursuant to paragraph 3(d). In the event of the termination of my employment, I agree to sign and deliver the "Termination Certification" attached hereto as <u>Exhibit B</u>.

6.    <u>Notification of New Employer</u>. In the event that I leave the employ of Network Computing Technologies, I hereby grant consent to notification by Network Computing Technologies to my new employer about my rights and obligations under this Agreement.

7.    <u>Solicitation of Employees</u>. I agree that for a period of eighteen (18) months immediately following the termination of my relationship with Network Computing Technologies for any reason, whether with or without good cause or for any or no cause, at the option either of Network Computing Technologies or myself, with or without notice, I will not hire any employees of Network Computing Technologies and I will not, either directly or indirectly, solicit, induce, recruit or encourage any of Network Computing Technologies's employees to leave their employment, or take away such employees, or attempt to solicit, induce, recruit, encourage or take away employees of Network Computing Technologies, either for myself or for any other person or entity.

8.    <u>Interference</u>. I agree that during the course of my employment and for a period of eighteen (18) months immediately following the termination of my relationship with Network Computing Technologies for any reason, whether with or without good cause or for any or no cause, at the option either of Network Computing Technologies or myself, with or without notice, I will not, either directly or indirectly, interfere with Network Computing Technologies's contracts and relationships, or prospective contracts and relationships, including, but not limited to, Network Computing Technologies's customer or client contracts and relationships.

9.    **Representations**.  I agree to execute any proper oath or verify any proper document required to carry out the terms of this Agreement.  I represent that my performance of all the terms of this Agreement will not breach any agreement to keep in confidence proprietary information acquired by me in confidence or in trust prior to my employment by Network Computing Technologies.  I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict herewith.

10.    **Arbitration and Equitable Relief**.

(a)    **Arbitration**.  Except as provided in subsection (b) below, I agree that any dispute, claim or controversy concerning my employment or the termination of my employment or any dispute, claim or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in _____ [City] , Texas in accordance with the rules then in effect of the American Arbitration Association.  The arbitrator may grant injunctions or other relief in such dispute or controversy.  The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration.  Judgment may be entered on the arbitrator's decision in any court having jurisdiction.  Network Computing Technologies and I shall each pay one-half of the costs and expenses of such arbitration, and each of us shall separately pay our counsel fees and expenses.

(b)    **Equitable Remedies**.  I agree that it would be impossible or inadequate to measure and calculate Network Computing Technologies's damages from any breach of the covenants set forth in Sections 2, 3, 5, and 7 herein.  Accordingly, I agree that if I breach any of such Sections, Network Computing Technologies will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of this Agreement.  I further agree that no bond or other security shall be required in obtaining such equitable relief and I hereby consent to the issuance of such injunction and to the ordering of specific performance.

11.    **General Provisions**.

(a)    **Governing Law; Consent to Personal Jurisdiction**.  THIS AGREEMENT WILL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS WITHOUT REGARD FOR CONFLICTS OF LAWS PRINCIPLES.  I HEREBY EXPRESSLY CONSENT TO THE PERSONAL JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF TEXAS FOR ANY LAWSUIT FILED THERE AGAINST ME BY NETWORK COMPUTING TECHNOLOGIES CONCERNING MY EMPLOYMENT OR THE TERMINATION OF MY EMPLOYMENT OR ARISING FROM OR RELATING TO THIS AGREEMENT.

(b)    **Entire Agreement**.  This Agreement sets forth the entire agreement and understanding between Network Computing Technologies and me relating to the subject matter herein and supersedes all prior discussions between us.  No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing signed by the party to be charged.  Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.

(c)      Successors and Assigns.  This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of Network Computing Technologies, its successors, and its assigns.

(d)      Construction.  The language used in this Agreement will be deemed the language chosen by the parties to express their mutual intent, and no rules of strict construction will be applied against either party.

(e)      Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be enforceable, and all of which together shall constitute one agreement.

12.      I acknowledge and agree to each of the following items:

(a)      I am executing this Agreement voluntarily and without any duress or undue influence by Network Computing Technologies or anyone else; and

(b)      I have carefully read this Agreement.  I have asked any questions needed for me to understand the terms, consequences and binding effect of this Agreement and fully understand them; and

(c)      I sought the advice of an attorney of my choice if I wanted to before signing this Agreement.

I _Brett Hopstead_ (Employee's name) have read and understood the Employment, Confidential Information, and Invention Assignment Agreement for NetworK Computing Technologies.

_____
Employee Signature

_10/2/08_
Date

# EXHIBIT "C"

17

Cause Number _____

| | | |
|---|---|---|
| DON JENNINGS<br>D/B/A NETWORK COMPUTING<br>TECHNOLOGIES<br>    Plaintiff,<br><br>vs.<br><br>AARON KRZYCKI AND<br>BRETT HARDAWAY<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT<br><br><br><br>AT LAW NO. _____<br><br><br>DALLAS COUNTY, TEXAS |

## AFFIDAVIT OF PAUL INDRARAWIS

BEFORE ME, the undersigned authority, personally appeared Paul Indrarawis who being duly sworn, deposed as follows:

"My name is Paul Indrarawis. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged herein."

"I am an employee of Network Computing Technologies. I have been employed with Network Computing Technologies for __3__ ~~years.~~ months @"

"On _November 16_, 2010, I received a text message on my company cell phone asking me to call someone at Viyu Network Solutions. A man named Tony Taylor answered my call, and Tony then handed the phone call off to Aaron Krzycki. Aaron Krzycki informed me that he had received my contact information from Brett Hardaway. Mr. Krzycki informed me that they had an opportunity at Viyu Network Solutions asked me if I wanted to meet to discuss the opportunity."

"Further affiant sayeth not."

Notary stamp:
Christopher Shaun Smith
My Commission Expires
07/03/2013

SIGNED on _6ᵗʰ December, 2010_.

_____
Affiant

State of Texas;  County of Dallas
Subscribed and sworn to before me this
__6ᵗʰ__ day of _December_ in the year 20_10_

Signed: _Christopher Shaun Smith_

*Received by Court 1-4-11 at 4:10 pm*

## ALESHIRE, CROSLAND & WELLS, PLLC
## 12160 ABRAMS ROAD, SUITE 103
## DALLAS, TEXAS 75243
## 214-382-3777

January 11, 2011

Viyu Network Solutions
Aaron Krzycki
Brett Hardaway
1263 N. Plano Rd.
Richardson, Texas 75081

Re: Don Jennings d/b/a Network Computing Technologies v. Viyu Network Solutions, d/b/a ARW Systems, LLC, Aaron Krzycki, and Brett Hardaway; Cause No. DC-11-00019

Mr. Adams, Krzycki, and Hardaway,

Pursuant to Rule 680 of the Texas Rules of Civil Procedure, NOTICE is hereby given that a hearing is set on Plaintiff's Application for Temporary Restraining Order in the above-entitled and numbered cause for January 4, 2011 at 4:00 p.m. at the George Allen Courts Building, 600 Commerce Street, Dallas, TX 75202-4606. Please find the enclosed Application and Order for Temporary Restraining Order.

Sincerely,

Jeff A. Wells

```
* * * * * * * * * * * * * * * * * * *
*** FAX TX REPORT ***
* * * * * * * * * * * * * * * * * * *

                TRANSMISSION OK

        JOB NO.                 0255
        DESTINATION ADDRESS     9724791904
        PSWD/SUBADDRESS
        DESTINATION ID
        ST. TIME                01/04 14:37
        USAGE T                 11'25
        PGS.                    18
        RESULT                  OK
```

# **FAX**

January 4, 2011

**Attention:** Viyu Network Solution D/B/A/ ARW Systems; Gavin Adams; Aaron Krzycki; and Brett Hardaway

Fax number: (972) 479-1904

Phone number: (972) 479-1900

Pages: _18_ (including the Fax Cover Page)

**From:** Jeffery A. Wells

Fax number: (214) 382-3774

Phone number: (214) 382-3777

**Re: Hearing Today at 4pm at the Dallas, TX George Allen Courthouse in the 160th**

Dear Viyu Network Solution D/B/A/ ARW Systems; Gavin Adams; Aaron Krzycki; and Brett Hardaway,

Please see enclosed Notice, Application, and Proposed Order for Temporary Restraining Order.

If you have any questions, comments, or concerns please contact me or my associates at (214) 382-3777.

Sincerely,
Jeffery A. Wells

The contents of this fax and any attachments are intended solely for the addressee(s) named in this message. This

# FAX

January 4, 2011

**Attention:** Viyu Network Solution D/B/A/ ARW Systems; Gavin Adams; Aaron
Krzycki; and Brett Hardaway

Fax number: (972) 479-1904

Phone number: (972) 479-1900

Pages: __18__   (including the Fax Cover Page)

**From: Jeffery A. Wells**

Fax number: (214) 382-3774

Phone number: (214) 382-3777

**Re: Hearing Today at 4pm at the Dallas, TX George Allen Courthouse in the 160th**

Dear Viyu Network Solution D/B/A/ ARW Systems; Gavin Adams; Aaron Krzycki; and
Brett Hardaway,

 Please see enclosed Notice, Application, and Proposed Order for
Temporary Restraining Order.

 If you have any questions, comments, or concerns please contact me or
my associates at (214) 382-3777.

Sincerely,
Jeffery A. Wells

The contents of this fax and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply fax and then destroy this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Cause Number _A C - 11 - 1 9_

| | | |
|---|---|---|
| DON JENNINGS | § | IN THE DISTRICT COURT OF |
| D/B/A NETWORK COMPUTING | § | |
| TECHNOLOGIES | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VIYU NETWORK SOLUTIONS | § | |
| D/B/A ARW SYSTEMS, LLC, | § | |
| AARON KRZYCKI AND | § | |
| BRETT HARDAWAY | § | |
|     Defendants. | § | _100_ JUDICIAL DISTRICT |

## <u>TEMPORARY RESTRAINING ORDER</u>

### THE STATE OF TEXAS

To Viyu Network Solutions d/b/a ARW Systems, LLC, Aaron Krzycki, and Brett Hardaway:

Plaintiff has applied for a temporary restraining order and temporary injunction in this cause.

On the basis of the application, the Court has ordered the issuance of a temporary restraining order because it appears to the Court that, unless you are restrained as ordered below before notice can issue and a hearing can be held, Plaintiff will be irreparably injured because the Defendants are currently attempting to induce other customers and employees of Plaintiff. Furthermore, the Defendants are using Plaintiff's trade secrets and confidential information.

You are therefore commanded to obey the order of this Court and to immediately desist and refrain from the following:

1. from hiring, soliciting, inducing, recruiting, or encouraging any of Network Computing Technologies' current employees to leave their employment with Network Computing Technologies;

2. ~~from interfering with Network Computing Technologies' contracts and relationships with customers;~~

3. from using or dispersing the data, proprietary information, and trade secrets that were

18

*downloaded computer network OR*

~~stolen~~ from Plaintiff by Defendant; and   *preserve OR*

4.    The Defendants are ordered to ~~return~~ all data, proprietary information, and trade   *downloaded OR*
secrets that were ~~stolen~~ from Plaintiff by Defendants.   *computer network OR*

You are further ordered to appear before this Court at *9:30am* on *January 18,* 2011,
to show cause why a temporary injunction, effective until final judgment in this cause, should not be   *OR*
granted as prayed for. *This Temporary Restraining Order will not be effective until bond is posted in the amount of* ~~ISSUED~~ on *OR*, 201~~1~~. *$4,000.00. This Temporary Restraining Order will expire 14 days from the date of the Order unless extended by agreement or according to law.*

                                                JUDGE PRESIDING

*Signed January 4, 2011.*

**JUDGE'S DOCKET**

| Action: | Filing: | No. _____ |
|---|---|---|

## DC – 11 – 00019
Filed: 01/04/2011

| OTHER (CIVIL) | 160th District Court |
|---|---|

**DON JENNINGS vs. VIYU NETWORK SOLUTIONS**

| Plaintiff | Lead Attorney |
|---|---|
| JENNINGS, DON | WELLS, JEFF A. |

| Defendant | Lead Attorney |
|---|---|
| VIYU NETWORK SOL | |

**ATTORNEYS**

| JURY DEMAND DATE | | | | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY | VOL | PAGE | | | | | | | | | | | |

**REPORTED HEARING**

| DATE | WIT. | EX. | RPTR | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |

**D I S P O S I T I O N**
To fed court ☐
To another county ☐
D.W.P. ☐
Nonsuit ☐
Default ☐
Agreed Jgt ☐
Summary Jgt ☐
Ex parte Jgt ☐
Nonjury trial ☐
Jgt on verdict ☐
Dir verd or NOV ☐
Other disposition ☐

**J U R Y A C T I V I T Y**
Voir dire _____
Jury sworn _____
Ev to jury _____
Mistrial _____
Hung jury _____
Dir verd _____
Verdict _____
New trial _____

| DATE | ORDERS |
|------|--------|
| 1-4-11 | Counsel requested TRO as fate. ct. |

Counsel requested TRO as fate. ct.
advised need complaint to/ Scale
& TRO or Notice to adverse party.
Counsel returned at 4 pm w/ Fax 2 hrs
notice to Ds of presentation of TRO.

CAUSE NO. DC-11-19

| | | |
|---|---|---|
| DON JENNINGS | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| VIYU NETWORK SOLUTIONS, et al, | § | |
| | § | |
| | § | |
| Defendant. | § | 160TH JUDICIAL DISTRICT |

## ORDER OF REFERRAL FOR MEDIATION

This case is appropriate for mediation pursuant to Texas Civil Practice & Remedies Code, §154.0001 et. Seq. **The parties shall mediate within fourteen (14) days or prior to any temporary injunction hearing in this case.** Earl Hale, STE 225, 4144 N CENTRAL EXPWY, DALLAS, TX, 75204, (214) 515-0199, is appointed Mediator.  All counsel are directed to contact the mediator to arrange the logistics of mediation.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator.  Mediation is private, confidential and privileged from process and discovery.  After mediation, the Court will be advised by the mediator, parties and counsel, only that the case did or did not settle.  The mediator shall not be a witness nor may the mediator's records be subpoenaed or used as evidence.  No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties unless agreed otherwise, paid by the parties directly to the mediator within a reasonable time and taxed as costs.  If the parties do not agree upon the fee requested by the mediator, the Court will set a reasonable fee, which shall be taxed as costs.

If no agreed date can be scheduled by counsel for the parties herein, then the mediator shall select a date and all parties shall appear as directed by the mediator.  Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law, which may include dismissal or default judgment.

A report regarding the outcome of the mediation is to be mailed by the mediator to the Court, with a copy to the ADR Coordinator, immediately after the mediation.

SIGNED this 4 day of January, 2011.

JIM JORDAN
JUDGE, 160th DISTRICT COURT
DALLAS COUNTY, TEXAS

cc:     All Counsel of Record
        Mediator

**FSSV**

Fee, Smith, Sharp, -Vitullo LLP

FILED

Three Galleria Tower 13155 Noel Road  Suite 1000  Dallas, Texas 75240
P 972-934-9100  F 972-934-9200

2011 JAN 11   PH 1: 13

816 Congress Avenue  Suite 1265  Austin, Texas 78701
P 512-479-8400  F 512-479-8402

G

DISTRICT CLERK
DALLAS CO., TEXAS

877-FEESMITH  www.feesmith.com

**Howard J. Klatsky**
*Member of the Bar, Texas, New York, California and Oklahoma*

hklatsky@feesmith.com
*Direct Dial 972-980-3494*

January 13, 2011

**_Via First Class Mail_**
Court Clerk
160th Judicial District Court
George Allen, Sr. Courts Bldg.
600 Commerce Street, Box 640
Dallas, TX  75202

Re:   Cause No. DC-11-00019; *Don Jennings d/b/a Network Computing Technologies v.
Viyu Network Solutions d/b/a ARW Solutions, LLC, et al;* In the 160th Judicial
District Court, Dallas County, Texas
Our File No.: HJK.3989

Dear Court Clerk:

Enclosed herein you will find the following:

1.   the original and one (1) copy of *Defendants' Verified Original Answer and
Counterclaim;*
2.   a check in the amount of $30.00 for filing of this Counterclaim; and
3.   *Defendants' Special Exceptions to Plaintiff's Original Petition and Application
and Affidavit for Temporary Restraining Order and Temporary Injunction.*

Please file these pleadings with the Court and return file stamped copies to our office in the
enclosed, self-addressed stamped envelope at your earliest convenience.  Thank you in advance for
your time and assistance.

Very truly yours,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

**Howard J. Klatsky**
Partner

HJK/clh
Enclosures

Court Clerk
160th Judicial District Court
January 13, 2011
∴ ∴ ∴ | 2

cc:
*Via CMRRE & Facsimile*
Jeffery A. Wells
ALESHIRE, CROSLAND & WELLS, PLLC
12160 Abrams, Suite 103
Dallas, TX 75243

Clients     (via email)

HJK.3989

CAUSE NO. DC-11-00019



DON JENNINGS D/B/A NETWORK
COMPUTING TECHNOLOGIES,

§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

Plaintiff,

v.

VIYU NETWORK SOLUTIONS D/B/A
ARW SYSTEMS, LLC, AARON
KRZYCKI, AND BRETT
HARDAWAY,

160th JUDICIAL DISTRICT

Defendants,

DALLAS COUNTY, TEXAS

## DEFENDANTS' VERIFIED ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW ARW Systems, LLC d/b/a Viyu Network Solutions, incorrectly named as "Viyu Network Solutions d/b/a ARW Systems, LLC," referred to below as "ARW", Aaron Krzycki, and Brett Hardaway, named Defendants in the above styled and numbered cause, and file this Original Answer and Counterclaim, and would respectfully show this Court the following:

### I.

Defendants generally deny each and every, all and singular, of the allegations contained in Plaintiff's Original Petition and Application and Affidavit for Temporary Restraining Order and Temporary Injunction, and demand that the Plaintiff be required to prove same in accordance with applicable law.

### II.

Additionally, Defendants would show this Court that:

1.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver;

2.     Plaintiff's claims for breach of contract and for injunctive relief fail for lack of consideration';

3.     The *alleged* "trade secrets" at issue are not trade secrets as defined by applicable law;

4.     The *alleged* confidential information is not confidential information as defined by applicable law;

5.     Plaintiff has failed to satisfy all necessary conditions precedent to prosecute a conversion claim under Texas law;

6.     Defendants Aaron Krzycki and Brett Hardaway are free to use general knowledge, skills, and experience acquired in their prior employment relationship today, as a matter of law;

7.     Defendant ARW owed no duty to Plaintiff as alleged, as a matter of law. Accordingly, Plaintiff's claim for "negligent hiring, supervision or retention" fails, as a matter of law;

8.     Additionally and/or alternatively, the Plaintiff lacks standing to assert a claim for negligent hiring, supervision or retention against Defendant ARW in this case;

9.     The Plaintiff cannot prove through competent evidence that it has suffered or will suffer immediate and irreparable injury, loss, or damage as alleged;

10.    The Plaintiff has not properly alleged – and cannot prove by way of competent evidence – any specific injury or loss, and why same is allegedly irreparable;

11.    Plaintiff's verified Petition is insufficient to support the granting of any injunctive relief, as a matter of law;

12.    Plaintiff's verification is insufficient to support the granting of any injunctive relief, as a matter of law;

13.    Plaintiff's claim for – and prayer for – injunctive relief is both procedurally and

substantively defective in multiple respects, as a matter of law;

14.    There is a defect of parties in this case; and

15.    Defendant ARW is not liable in the capacity in which it has been sued.

### III.

### ORIGINAL COUNTERCLAIM

COME NOW ARW, Aaron Krzycki, and Brett Hardaway, as Counter Plaintiffs, complaining of Don Jennings, individually, as Counter Defendant, and would respectfully show this Court the following:

1.    Counter Defendant Jennings is an individual working and/or residing in Dallas County, Texas.  This Counter Defendant can be served with this Counterclaim by and through his attorney of record Jeffery A. Wells, Aleshire, Crosland & Wells, PLLC, 12160 Abrams, Suite 103, Dallas, Texas 75243.

### IV.
### CAUSE OF ACTION COUNT I:
### GROUNDLESS, FRIVOLOUS, BAD FAITH LITIGATION

1.    Counter Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth at length herein in support of this Count I.

2.    This is an action for reasonable and necessary attorneys fees, expenses, and court costs incurred by Counter Plaintiffs and is being filed pursuant to the provisions of Rule 13 of the Texas Rules of Civil Procedure and/or § 9.001, et. seq. and/or § 10.001, et. seq. of the Texas Civil Practice and Remedies Code.  In support of same, Counter Plaintiffs would show this Court that the claims that Don Jennings d/b/a Network Computing Technologies has asserted against them in this proceeding are groundless and frivolous as those terms are defined in Chapters 9 and 10 of the Texas Civil Practice and Remedies Code, and that these claims have been brought against them in bad faith

and/or for the purposes of harassment.

3.       Additionally and/or alternatively, Counter Plaintiffs would show this Court that the claims that have been asserted against them by Don Jennings d/b/a Network Computing Technologies are groundless, frivolous, and have been brought in bad faith and/or for the purposes of causing Counter Plaintiffs to incur needless costs and expenses to defend themselves against such frivolous and groundless litigation and for the purpose of intimidating, harassing and/or coercing the Counter Plaintiffs.   Accordingly, the Counter Plaintiffs now seek to recover all reasonable and necessary attorneys' fees, expenses, and taxable court costs incurred in the defense of these claims.

WHEREFORE, PREMISES CONSIDERED, Defendants/Counter Plaintiffs ARW Systems, LLC d/b/a Viyu Network Solutions, Aaron Krzyski and Brett Hardaway respectfully pray that this pleading be received and filed and, upon final trial of this cause, that the Plaintiff/Counter Defendant take nothing by way of his suit, and that they have and recover from and against Don Jennings d/b/a Network Computing Technologies all reasonable and necessary attorney's fees incurred in the defense/prosecution of this action, all taxable costs of court, and such further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P

HOWARD J. KLATSKY
State Bar No. 00786024
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 13th day of January, 2011.

**HOWARD J. KLATSKY**

HJK.3989

## CAUSE NO. DC-11-00019

| | | |
|---|---|---|
| DON JENNINGS D/B/A NETWORK COMPUTING TECHNOLOGIES, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | |
| VIYU NETWORK SOLUTIONS D/B/A ARW SYSTEMS, LLC, AARON KRZYCKI, AND BRETT HARDAWAY, | § § § § § | 160th JUDICIAL DISTRICT |
| Defendants, | § § | DALLAS COUNTY, TEXAS |

## VERIFICATION

State of Texas                    §
                                  §
County of Dallas                  §

BEFORE ME, the undersigned notary public, on this date personally appeared Gavin Adams who, known to me, deposed on his oath, and stated the he is over 21 years of age, has never been convicted of a felony or a crime involving moral turpitude, is fully competent to testify in all respects, has read Defendants' Original Answer and Counterclaim and the affirmative defenses included in it, and that the content of the affirmative defenses is true and correct.

FURTHER AFFIANT SAYETH NOT

Gavin Adams,
Authorized Representative of ARW Systems, LLC d/b/a
Viyu Network Solutions

SUBSCRIBED AND SWORN to before me on this 13ᵀᴴ day of ____January____,
2011, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC,
In and for the State of Texas

My Commission Expires:

____7-26-14____

```
ERIN L. HUCKS
Notary Public,
State of Texas
Comm. Exp. 07-26-14
```

HJK.3989

CAUSE NO. DC-11-00019

| DON JENNINGS D/B/A NETWORK COMPUTING TECHNOLOGIES, | § § § § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | |
| VIYU NETWORK SOLUTIONS D/B/A ARW SYSTEMS, LLC, AARON KRZYCKI, AND BRETT HARDAWAY, | § § § § § | 160th JUDICIAL DISTRICT |
| Defendants, | § § | DALLAS COUNTY, TEXAS |

## VERIFICATION

State of Texas       §
      §
County of Dallas       §

BEFORE ME, the undersigned notary public, on this date personally appeared Aaron Krzycki who, known to me, deposed on his oath, and stated the he is over 21 years of age, has never been convicted of a felony or a crime involving moral turpitude, is fully competent to testify in all respects, has read Defendants' Original Answer and Counterclaim and the affirmative defenses included in it, and that the content of the affirmative defenses is true and correct.

FURTHER AFFIANT SAYETH NOT

_____
Aaron Krzycki

SUBSCRIBED AND SWORN to before me on this 13ᵗʰ day of January.
2011, to certify which witness my hand and official seal.

Erin L. Hucks

NOTARY PUBLIC,
In and for the State of Texas

My Commission Expires:

7-26-14

ERIN L. HUCKS
Notary Public,
State of Texas
Comm. Exp. 07-26-14

HJK 3989

## CAUSE NO. DC-11-00019

| | | |
|---|---|---|
| DON JENNINGS D/B/A NETWORK COMPUTING TECHNOLOGIES, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | |
| VIYU NETWORK SOLUTIONS D/B/A ARW SYSTEMS, LLC, AARON KRZYCKI, AND BRETT HARDAWAY, | § § § § § | 160th JUDICIAL DISTRICT |
| Defendants, | § | DALLAS COUNTY, TEXAS |

### VERIFICATION

State of Texas      §
                    §
County of Dallas    §

BEFORE ME, the undersigned notary public, on this date personally appeared Brett Hardaway who, known to me, deposed on his oath, and stated the he is over 21 years of age, has never been convicted of a felony or a crime involving moral turpitude, is fully competent to testify in all respects, has read Defendants' Original Answer and Counterclaim and the affirmative defenses included in it, and that the content of the affirmative defenses is true and correct.

FURTHER AFFIANT SAYETH NOT

Brett Hardaway



SUBSCRIBED AND SWORN to before me on this 13TH day of January,

2011. to certify which witness my hand and official seal.

NOTARY PUBLIC,
In and for the State of Texas

My Commission Expires:

7-26-14

ERIN L. HUCKS
Notary Public.
State of Texas
Comm. Exp. 07-26-14